Filed 4/15/16  P. v. Rodriguez CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE RODRIGUEZ,<br><br>    Defendant and Appellant. | B265652<br><br>(Los Angeles County<br>Super. Ct. No. VA132789) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lori Ann Fournier, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Jose Rodriguez appeals following a judgment entered after he pled no contest to possession of a firearm by a felon and admitted he suffered a prior strike conviction. The trial court sentenced him to a total of 32 months in state prison. Defendant's appellate counsel filed a brief in which no issues were raised. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was notified of his right to file a supplemental brief but has not done so. We affirm the judgment.

## DISCUSSION

On August 13, 2013, Deputy Sheriff Guillermo Sanchez observed that the vehicle defendant was driving, a white Cadillac Escalade, did not make a complete stop at a stop sign before it made a southbound turn onto another street. Sanchez also observed that the windows on the vehicle appeared to be tinted. After Sanchez activated his lights and siren, defendant pulled over and lowered his window. As Sanchez approached the vehicle, he saw the butt of a handgun sticking out from under the driver's seat. Sanchez detained defendant and the other passengers in the vehicle and recovered a semi-automatic nine-millimeter pistol. After defendant voluntarily waived his rights under *Miranda v. Arizona* (1966) 384 U.S. 436, he told another deputy sheriff that he found the firearm in the street and that it belonged to him.

By information filed on January 21, 2014, defendant was charged with the crimes of possession of a firearm by a felon (Pen. Code,[1] § 29800(a)(1)), and carrying a loaded firearm in a vehicle (§ 25850(a)). The information also alleged that defendant had suffered a prior felony conviction that qualified as a strike under section 667, subdivision (d) and section 1170.12, subdivision (b).

On April 8, 2014, the court heard and denied defense counsel's motion to suppress evidence under section 1538.5. The court explained that there was probable case for the traffic stop because the vehicle did not come to a complete stop at the stop sign. The court also rejected defendant's contentions that the subsequent detention was

---

[1] All undesignated statutory references are to the Penal Code.

2

prolonged or that the officers lacked probable cause to arrest defendant after they recovered the firearm.

On June 30, 2015, defendant's trial counsel made an oral motion to reopen the suppression proceeding. He argued that he just received a copy of the incident report which would have been helpful in cross-examining Sanchez in the suppression hearing, and there are factual issues that should have been explored in more detail by defendant's prior attorney. The court denied the request. Thereafter, defendant pled no contest to count 1, a violation of section 29800, subdivision (a)(1), and admitted he suffered a prior felony strike conviction in 2004 for violating section 136.1. At defendant's request, sentencing was continued to July 22, 2015.

On July 22, 2015, the court sentenced defendant to a total of 32 months in state prison. The court selected the low term of 16 months for count 1, and doubled it because of the prior strike conviction. The remaining count and allegations were dismissed. Defendant filed a timely notice of appeal.

### REVIEW ON APPEAL

Section 1237.5 generally precludes an appeal from a judgment of conviction after a plea of no contest or guilty unless the defendant has applied for, and the trial court has granted, a certificate of probable cause. There are two exceptions: (1) a challenge to a search and seizure ruling, as to which an appeal is proper under section 1538.5, subdivision (m); and (2) post-plea sentencing issues. *(People v. Shelton* (2006) 37 Cal.4th 759, 766.) Here, defendant appealed without a certificate of probable cause. Therefore, our review is limited to the court's search and seizure rulings and post-plea sentencing issues. We find no basis for reversing the court's ruling denying the motion to suppress or vacating defendant's sentence. We have examined the entire record and are satisfied defendant's appellate counsel has complied fully with his responsibilities. (*Smith v. Robbins* (2000) 528 U.S. 259, 278–284; *Wende*, *supra*, 25 Cal.3d at p. 443.)

3

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

HOGUE, J.*

---

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.